| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Nicholas | Martin | Powell |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Brittney | Ann | Powell |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: District of South Carolina

Case number (If known) _____

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

_____
_____
_____
_____

# District of South Carolina
## Chapter 13 Plan

12/17

### Part 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☑ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☑ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not included |

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>                                   Case Number _____

## Part 2: Plan Payments and Length of Plan

2.1 The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ <u>946.00</u>          per month     for <u>60</u>    months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment): _____.

2.3 Income tax refunds.

*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.
☐ The debtor will treat income tax refunds as follows:

_____
_____

2.4 Additional payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>　　　　　　　　　　Case Number _____

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| American Honda Finance | 2012 Honda Foreman 4-Wheeler (debtor's mother will continue to pay outside plan) |
| Sharonview | 2016 Forrest River XLR (debtor's mother will continue to pay outside plan) |

☑ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Wells Fargo Home Mortgage | 1825 Shirley Road Hodges, SC 29653 | $2000.00 Includes amounts accrued through the April 2018 payment | _____% | $34.00 (or more) |

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>         Case Number _____

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| US Bank | $38,910.00 | 2015 Dodge Ram 3500 | $35,100.00 | $0.00 | $35,100.00 | 6.0% | $753.00 (or more) |

3.3 **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
   ☐ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ (or more) Disbursed by ☐ Trustee ☐ Debtor |

*Insert additional claims as needed.*

3.4 **Lien avoidance.**

   *Check one.*
   ☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
   *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*
   ☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

   *Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Credit Central – HHG | $885.00 | $0.00 | $500.00 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| OneMain – HHG | $5,561.00 | $0.00 | $500.00 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| Quick Credit – HHG | $750.00 | $0.00 | $500.00 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| Quick Credit – HHG | $387.00 | $0.00 | $500.00 15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| Regional Finance – HHG | $2,583.72 | $0.00 | $500.00 15-41-30(A)(3) | $500.00 | $0.00 | 100% |

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>                    Case Number _____

| Republic Finance – HHG | $3,836.00 | $0.00 | $500.00<br>15-41-30(A)(3) | $500.00 | $0.00 | 100% |
| Republic Finance – HHG | $1,233.00 | $0.00 | $500.00<br>15-41-30(A)(3) | $500.00 | $0.00 | 100% |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ | $_____ |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

District of South Carolina                                                                                                                                Page 5
Effective December 1, 2017                            Chapter 13 Plan

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>                              Case Number _____

*Check one.*

☑ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

   a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
   c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☐ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____<br>Disbursed by<br>☐ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor will maintain the contractual installment payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

| Name of creditor | Current installment payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
| _____ | $_____ | $_____ | $_____<br>(or more) |

*Insert additional claims as needed.*

District of South Carolina                                                                                                           Page 6
Effective December 1, 2017           Chapter 13 Plan

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>　　　　　　　　Case Number _____

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|
| _____ | $ _____ | _____% |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. _____

Provide a brief statement of the basis for separate classification and treatment. _____

_____

*Insert additional claims as needed.*

☐ **Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6:　Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | $ _____ |
| | | | | (or more) |

*Insert additional claims as needed.*

## Part 7:　Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Debtor <u>Nicholas Martin Powell & Brittney Ann Powell</u>                    Case Number _____

❏    **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

_____
_____
_____
_____

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X X /s/ Nicholas Powell                    X X /s/ Brittney Powell
Signature of Debtor 1                      Signature of Debtor 2

Executed on  4/23/18             Executed on  4-23-18
           MM / DD / YYYY                   MM / DD / YYYY

X /s/ Alecia T. Compton     Date  4-23-18
Signature of Attorney for the debtor  DCID #5847    MM/DD/ YYYY

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                    )    CASE NO.: _____
                                          )    CHAPTER 13
Nicholas Martin Powell &                  )
Brittney Ann Powell,                      )
                                          )
              Debtor(s)                   )

## CERTIFICATE OF SERVICE

I, Dana Jennings, secretary for Alecia Compton Law Office, LLC, do hereby certify that on the 27th day of April 2018, I served a copy of the Chapter 13 Plan in the above captioned matter by depositing a copy thereof in the United States Mail at Greenwood, South Carolina, with the proper postage affixed, directed to the parties at the following address:

AFFIRM INC
AFFIRM INCORPORATED
PO BOX 720
SAN FRANCISCO CA 94104

AMERICAN HONDA FINANCE
ATTN: BANKRUPTCY
PO BOX 168088
IRVING TX 75016

BANK OF AMERICA
ATTN: BANKRUPTCY
PO BOX 982238
EL PASO TX 79998

BARCLAYS BANK DELAWARE
ATTN: CORRESPONDENCE
PO BOX 8801
WILMINGTON DE 19899

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130

CHASE CARD SERVICES
CORRESPONDENCE DEPT
PO BOX 15298
WILMINGTON DE 19850

CITIBANK/BEST BUY
CITIBANK CORP/CENTRALIZED
BANKRUPTCY
PO BOX 790034
ST LOUIS MO 63179

CITIBANK/EXXON MOBILE
CENTRALIZED BANKRUPTCY
PO BOX 790034
ST LOUIS MO 63179

COMENITY BANK/BUCKLE
ATTN: BANKRUPTCY
PO BOX 182125
COLUMBUS OH 43218

COMENITY BANK/REED'S
ATTN: BANKRUPTCY DEPT
PO BOX 182125
COLUMBUS OH 45318

COMENITY BANK/VICTORIA SECRET
ATTN: BANKRUPTCY DEPT
PO BOX 182125
COLUMBUS OH 45318

COMENITY BKL/ULTA
ATTN: BANKRUPTCY DEPT
PO BOX 182125
COLUMBUS OH 43218

CREDIT CENTRAL
718-B MONTAGUE AVENUE
GREENWOOD SC 29649

DEPT OF ED / 582 / NELNET
ATTN: CLAIMS
PO BOX 82505
LINCOLN NE 68501

EXECUTIVE FINANCIAL CO
7577 MILLER RD
SWARTZ CREEK MI 48473

FINGERHUT
BANKRUPTCY DEPT
6250 RIDGEWOOD RD
SAINT CLOUD MN 56303

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

KOHLS/CAPITAL ONE
KOHLS CREDIT
PO BOX 3120
MILWAUKEE WI 53201

LENDING CLUB CORP
71 STEVENSON ST
SUITE 300
SAN FRANCISCO CA 94105

NELNET
ATTN: CLAIMS
PO BOX 82505
LINCOLN NE 68501

ONEMAIN
ATTN: BANKRUPTCY
601 NW 2ND ST
EVANSVILLE IN 47708

ONEMAIN FINANCIAL
534 BYPASS 72 NW
GREENWOOD SC 29649

PAYPAL CREDIT
PO BOX 105658
ATLANTA GA 30348-5658

PMAB, LLC
PO BOX 12150
CHARLOTTE NC 28220

QUICK CREDIT
724B MONTAGUE AVE
GREENWOOD SC 29649

REGIONAL FINANCE
716B MONTAGUE AVE
GREENWOOD SC 29649

REPUBLIC FINANCE
1311 MONTAGUE AVE EXT
GREENWOOD SC 29646

Page 1 of 2

SC DEPT OF REVENUE
PO BOX 12265
COLUMBIA SC 29211

SELF REGIONAL HEALTHCARE
1325 SPRING STREET
GREENWOOD SC 29646

SHARONVIEW
PO BOX 2070
FORT MILL SC 29716

SYNCB/CITGO
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

SYNCB/ROOMS TO GO
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/ JC PENNEYS
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/ OLD NAVY
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/BELK
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/CARE CREDIT
ATTN: BANKRUPTCY DEPT
PO BOX 965061
ORLANDO FL 32896

SYNCHRONY BANK/SAMS
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/WALMART
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

TARGET
TARGET CARD SERVICES
MAIL STOP NCB-0461
MINNEAPOLIS MN 55440

US BANK
POBOX 5229
CINCINNATI OH 45201

US BANK/RMS CC
ATTN: BANKRUPTCY
PO BOX 5229
CINCINNATI OH 45201

WELLS FARGO BANK
ATTN: BANKRUPTCY DEPT
PO BOX 6429
GREENVILLE SC 29606

WELLS FARGO HOME MORTGAGE
ATTN: BANKRUPTCY
MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715

Dana Jennings, secretary for
Alecia Compton Law Office, LLC
109 Oak Avenue, Suite A
Greenwood, SC  29646
(864) 450-9042